IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR385 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | |
| | ) | |
| ALFRED WERMAN, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Margaret A. Kane, Assistant United States Attorney and hereby files this sentencing memorandum. The Government agrees with the calculations contained in the Final Presentence Investigation Report filed on November 20, 2019. (R. 17: Presentence Investigation Report, PageID 84). However, the Government asks that this Court impose an upward departure based on U.S.S.G. § 4A1.3(a)(1) or an upward variance based on the factors enumerated in 18 U.S.C. § 3553(a). The plea agreement entered into by both parties states, "The parties have no agreement about the sentencing range to be used or sentence to be imposed in this case, other than to stipulate to the computation of the advisory Sentencing Guidelines offense level. Each party is free to recommend whatever sentence it believes to be appropriate." (R. 17: Presentence Report, PageID 65; See also Plea agreement).

I. **OFFENSE CONDUCT AND GUIDELINE CALCULATION**

    A.    **Offense Conduct**

On April 27, 2019, Garfield Heights Police officers were dispatched to 6173 Turney Road, Garfield Heights, Ohio, for two separate domestic violence complaints. (R. 17, PSR, PageID 65). Alfred Werman's wife first called police at approximately

11:00 a.m. after her husband threatened her (Id., PageID 69).  Alfred Werman was not present when officers arrived, but a Cugr AK-47 was recovered in the home and officers were informed that the weapon belonged to Werman.  (Id.).

Werman's wife contacted police again that same day at 4:30 p.m.  (Id.).  When police arrived they arrested Werman with a loaded Ruger 9mm Security firearm on his person.  (Id.).  This firearm was recovered only forty-four days after it was purchased.  This quick "time to crime" period piqued the interest of ATF agents along with Werman's domestic violence history.

Following this incident, Werman's wife obtained a Temporary Protection Order against Werman, on May 2, 2019, prohibiting him from being present at the Turney Road address.  (Id., PageID 65).  On May 20, 2019, Werman's wife contacted police again to alert them that her husband was present at the Turney Road address.  Officers responded and arrested Werman as he exited the residence for violating a protection order.  (Id.).

During their investigation into Werman's possession of the Ruger 9mm firearm recovered on April 27, 2019, ATF agents interviewed Werman's sister and father.  (Id., PageID 66).  Agents learned that Werman left a firearm at the Turney Road address immediately before his arrest on May 20, 2019.  (Id.).  Agents recovered this firearm, a Sig Sauer semi-automatic pistol, Model P226, .40 caliber pistol, bearing serial number U642630, along with a box of 45 rounds of .40 caliber ammunition and gun cleaning supplies (Id.).  There was no magazine located with or near the firearm. The firearm had previously been reported stolen from the City of Cleveland.  (Id.).

Alfred Werman admitted that the Sig Sauer firearm belonged to him.  (Id.).  He stated that he purchased the firearm from a friend on May 19, 2019, the day before it was

recovered.[1]  He admitted that he placed the firearm in a pot in the kitchen of 6173 Turney Road prior to his arrest on May 20, 2019.  (Id.).  This is the same location where Werman's sister stated she first located the firearm.

### B. Guideline Calculation

Werman was indicted on June 25, 2019, in a one count Indictment, charging him with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (R. 10: Indictment, PageID 17).  Werman pleaded guilty to the Indictment on August 19, 2019, with a Rule 11(c)(1)(B) plea agreement.  (R. 17:  PSR, PageID 65).  Pursuant to the plea agreement, the parties have no agreement about the sentencing range to be used or sentence to be imposed in this case, other than to stipulate to the computation of the advisory Sentencing Guidelines offense level.  Each party is free to recommend whatever sentence it believes to be appropriate.  (Id.).

The Presentence Investigation Report lists the offense level as 16 (Id., PageID 67).  After a three-level reduction for acceptance of responsibility, the total offense level is 13.  (Id.).  The plea agreement lists the same calculation.  (Id., PageID 65).  Werman's criminal history score of 15 establishes a criminal history category of VI.  (Id., PageID 78).  Based on a total offense level of 13, and a criminal history category of VI, the advisory guideline imprisonment range is 33-41 months.  (Id., PageID 84).

### II. SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

---

[1] This is inconsistent with WERMAN'S statement given in the Presentence Investigation Report.  There, WERMAN stated that he located the firearm in the bushes as he walked down the street. (R. 17:  PSR, PageID 67).

This Court is required to consider the following factors in determining the sentence.

(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(5) any pertinent policy statement--

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

§ 18 U.S.C. § 3553(a).

U.S.S.G. §4A1.3 permits an upward or downward departure if the defendant's criminal-history scoring substantially under or over represents the seriousness of the prior offenses. United States v. Lanning, 633 F.3d 469, (6th Cir. 2011). The information described in § 4A1.3(a)(1) may include information of prior sentences not used in computing the criminal history category, that the defendant was pending trial or sentencing on another charge at the time

4

of the instant offense and prior similar adult criminal conduct not resulting in a criminal conviction.  U.S.S.G. §4A1.3(2).

This Court may first consider Werman's lengthy juvenile record.  (R. 17: PSR, PageID 72).  Werman had ten convictions as a juvenile including two offenses for possessing weapons.  His convictions also include domestic violence, and two robberies.  (Id., PageID 72-74).  These prior cases show Werman's propensity for committing violent offenses and possessing weapons.  (Id.).

Werman was also out on bond and pending trial for two criminal cases pending in Cuyahoga County, CR-19-639585, and CR-19-639798 when he committed the instant offense.  (Id., PageID 79, 81).  Werman posted bond in CR-19-639585, on April 29, 2019.  This case involves the possession of a 9mm firearm.  (Id., PageID 79).  Werman posted bond in CR-19-63979, on May 8, 2019, for receiving stolen property, a motor vehicle.  He then committed the instant offense shortly after, on May 20, 2019.  (Id., PageID 81).

If this Court does not find that a departure is justified under U.S.S.G. § 4A1.3, the Government would ask for an upward variance based on the factors stated in 18 U.S.C. § 3553(a).  The U.S. Sentencing Guidelines are "effectively advisory."  United States v. Booker, 543 U.S. 220, 245 (2005).  District courts are therefore free to impose a sentence higher or lower than the advisory guideline range.  A district court must identify its reasons for imposing an outside-Guidelines sentence.  United States v. Vonner, 516 F.3d 382 (6th Cir. 2008) (en banc).  That said, district courts are not required to show extraordinary circumstances to justify a sentence outside of the Guidelines range.  Gall v. United States, 552 U.S. 38, 45-46 (2007).  Similarly, the district court's reasons for varying need not proportionally equate to the amount that the variance deviates from the Guidelines range.  United States v. Bolds, 511 F.3d 568, 578

5

(6th Cir. 2007).  In reviewing sentences imposed, appellate courts must give "due deference" to the district court's conclusion that a sentence was warranted by the § 3553(a) factors.  Bolds, 511 F.3d at 581 (citing Gall, 552 U.S. at 51).

The nature and circumstances of the offense show that Werman was in possession of multiple firearms within a short period of time while violating protection orders and committing acts of domestic violence.  Werman was in arrested on April 27, 2019, for Domestic Violence and Having Weapons Under Disability.  (R. 17, PSR, PageID 65).  On April 27th, at 11 a.m., police recovered a Cugr AK-47 which witnesses reported belonged to Werman.  (Id., PageID 69).  Werman was found in possession of yet another firearm, a Ruger 9mm pistol, only six hours later on the same day.  (Id.).

Werman possessed yet another firearm on May 20, 2019, a Sig Sauer .40 caliber pistol, as specified in the indictment.  (Id., PageID 66).  Werman was arrested for violating a temporary protection order against his wife when he possessed this weapon.  He hid the weapon in a kitchen pot so that law enforcement would not discover it during this arrest.  (Id).  This demonstrates that not only does Werman illegally possess firearms but he also violates court orders and commits threatening acts while in possession of these firearms.  When he committed this offense, he was subject to a protection order and out on bond in CR-19-639585 (drug possession with a firearm specification) and CR-19-639798 (receiving stolen property involving a motor vehicle), both in the Cuyahoga County Court of Common Pleas.  (Id., PageID 69-70).  Werman was subsequently found guilty of violating a protecting order the day after committing the instant offense.  (Id., PageID 71).

On May 31, 2019, shortly after the present case was committed, Werman was indicted on another case in CR-19-640480, in the Cuyahoga County Common Pleas Court, for multiple

counts of felonious assault and shooting into a habitation. (Id., PageID 72). This case is still pending and obviously Werman is presumed innocent. However, this conduct is alleged to have occurred around the same time period as the instant offense. All of these offenses occurred within a short time of Werman being released from prison on March 11, 2019.

      This Court should also consider the history and characteristics of the defendant. In addition to Werman's lengthy juvenile record cited above, he has an extensive adult criminal history involving narcotics, burglary, and firearms. Werman's drug offenses include Trafficking in marijuana in CR-10-536613, and Attempted Trafficking of Drugs in CRB1401263. (Id., PageID 75-76). Werman additionally served three years in prison for a Burglary, CR-10-544713, involving the break-in of a residential home at knife point to steal prescription pills. (Id.). His prior record also shows a history of driving infractions and driving while under the influence. (Id., PageID 75-76). Most relevant to the instant case, Werman has two prior convictions for the possession of firearms. In 16CR001146, on March 20, 2017, Werman possessed a 9mm semi-automatic pistol loaded with ten rounds of ammunition. (Id., PageID 77). A short time after this conviction, Werman was in possession of two more firearms, an unloaded American Tactical AR-15 rifle and a .45 caliber loaded pistol along with four partially loaded 30-round magazines with a total of 85 rounds. (Id., PageID 78). Werman's prior convictions and his conduct in the instant offense demonstrate that Werman possessed a large amount of firearms within a short period of time despite being prohibited from doing so.

      In order to reflect the seriousness of this offense, to promote respect for the law, to provide just punishment, to adequately deter the defendant, and to protect the public, a sentence above the recommended guidelines sentence is necessary in this case.

For the above mentioned reasons, the Government respectfully asks that this Court apply an upward departure or upward variance from the recommended sentencing guideline range based on the factors provided in 18 USC § 3553(a).

                                                                     Respectfully submitted,

                                                                     JUSTIN E. HERDMAN  
                                                                     United States Attorney

By:   /s/ *Margaret A. Kane*  
       Margaret A. Kane (OH: 0082084)  
       Assistant United States Attorney  
       United States Court House  
       801 West Superior Avenue, Suite 400  
       Cleveland, OH 44113  
       (216) 622-3624  
       (216) 522-7358 (facsimile)  
       Margaret.Kane@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of November, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                /s/ *Margaret A. Kane*
                                                Margaret A. Kane
                                                Assistant U.S. Attorney