## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED WERMAN, | ) | CASE NO.  1:19CR385 |
| | ) | 1:20CV2684 |
| Defendant-Petitioner, | ) | |
| | ) | SENIOR JUDGE |
| vs. | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Plaintiff-Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

Before the Court is Defendant Alfred Werman's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 36). For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND FACTS

On June 25, 2019, a Grand Jury indicted Defendant on one count of being a Felon in Possession of a Firearm and Ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 10). He pleaded guilty. At sentencing, Defendant faced an advisory guideline range of 33 to 41 months. The Court ultimately varied upward and sentenced Defendant to 60 months imprisonment, followed by three years of supervised release.

Defendant appealed his Sentence. He raised two arguments on appeal: (1) the district court failed to adequately explain the reasons for Defendant's sentence; and (2) the district court unreasonably considered Defendant's pending charges in State court. The Sixth Circuit disagreed and affirmed Defendant's sentence. *United States v. Werman*, 828 Fed. App'x 316, 317 (6th Cir. Oct. 7, 2020).

Soon after, Defendant filed the current Motion under 28 U.S.C. § 2255. (Doc. 36). He alleges three Grounds for Relief. The Government opposed (Doc. 38) and Defendant filed a reply shortly thereafter (Doc. 39).

## II. LAW & ANALYSIS

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Defendant's three Grounds for Relief stem from perceived errors the Court made during sentencing. Specifically, Defendant challenges (1) the Court's reliance on his pending State cases; (2) the Court's misapplication of the Sentencing Guidelines; and (3) the Court's upward variance and an appeal for mercy. The Government argues these claims do not reach alleged errors of a constitutional or jurisdictional magnitude and should be denied. The Government also notes that Defendant made these same arguments to the Sixth Circuit on direct appeal and those arguments failed.

The Court agrees with the Government.  "It is…well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *Davis v. United States*, 417 U.S. 333, 345 (1974)).  On appeal, Defendant "challenge[d] the substantive reasonableness of his sentence by claiming that the district court placed an unreasonable amount of weight on [Defendant's] pending criminal charges in Cuyahoga County." *Werman*, 828 Fed. App'x at 319.  The Sixth Circuit found this challenge failed because this Court properly supported its reasons for an upward variance.  *Id.*  Thus, Defendant has previously litigated this claim in the Sixth Circuit.  And since Defendant has not provided an 'exceptional circumstance' to revisit this claim on collateral review, the Court declines to do so and finds Defendant's grounds for relief fails.

Even if the Court could revisit Defendant's previously litigated grounds for relief, it is a general rule that defendants "cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations." *Bullard v. United States*, 937 F.3d 654, 660-61 (6th Cir. 2019) (collecting cases from sister circuits holding same).  Defendant's § 2255 Motion here essentially challenges the Court's guideline calculations.  As *Bullard* holds, this is improper.  Defendant's sentence is lawful, even though the Court varied upward from the advisory guideline range.  Accordingly, Defendant's Motion is without merit.

### III. CONCLUSION

Defendant cannot bring a motion under § 2255 to relitigate issues that the Sixth Circuit previously considered and denied. For that reason and more, the Court **DENIES** Defendant's Motion to Vacate. (Doc. 36).

**IT IS SO ORDERED.**

                                 s/ Christopher A/ Boyko
                                 **CHRISTOPHER A. BOYKO**
                                 **Senior United States District Judge**

**Dated: October 27, 2021**